UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON PURNELL THURSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>WINFRED KOKOR, et al.,<br><br>  Defendants. | No. 1:22-cv-00636-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 26) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss for failure to prosecute; or, in the alternative, to extend the case schedule and compel Plaintiff's deposition, filed September 22, 2023. (ECF No. 26.)

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendants Doctor Kokor and Registered Nurse D. Roberts for deliberate indifference in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on November 22, 2022. (ECF No. 20.) The Court issued the discovery and scheduling order on November 28, 2022. (ECF No. 21.)

1

On July 31, 2023, the Court granted Defendants' request to extend the discovery deadline and compel Plaintiff's participation in a deposition.  (ECF Nos. 24, 25.)  In that order, Plaintiff was advised that he is required to cooperate in discovery, which includes sitting for a deposition, and should he fail to participate in a properly noticed deposition, he may be subject to sanctions, including, but not limited to, a recommendation that this action be dismissed. Fed. R. Civ. P. 37(b)(2)(A).  (ECF No. 25.)

As previously stated, on September 22, 2023, Defendants' filed a motion to dismiss for failure to prosecute.  (ECF No. 26.)  On September 27, 2023, Defendants re-served the motion to dismiss at Plaintiff's most recent address of record.  (ECF No. 29.)

Plaintiff did not file an opposition and the time to do so has passed.  Local Rule 230(l).

## II.

## LEGAL STANDARDS

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961) ).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); Local Rule 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979) ) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order). Moreover, the Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) ).

"[The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins. Co., 482 F.3d at 1096 (footnote citations omitted); see also Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). "The most critical factor to be considered in case-dispositive sanctions is whether a party' discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Id. (footnote citation and internal quotation marks omitted).

### III.

### DISCUSSION

> "No man is above the law and no man is below it: nor do we ask any man's permission when we ask him to obey it." - President Theodore Roosevelt

Defendants seek to dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b) based on Plaintiff Plaintiff's repeated failure to attend scheduled depositions; or (2) in the alternative, to extend the time to conduct discovery by 60 days so defense counsel may conduct a deposition of the plaintiff, compel plaintiff to attend that deposition on threat of dismissal of this action, and extend the deadline to file a dispositive motion by 91 days.

On July 13, 2023, Defendants mailed Plaintiff a notice setting a July 28, 2023 deposition, to be held by video conference. (Declaration of Nathan Guerrero (Guerrero Decl.) ¶ 2, ECF No. 26-1.) In the week leading up to the deposition, defense counsel sought to provide Plaintiff with the necessary link from the court reporting agency, so he could attend. (Id. ¶ 3.) After multiple attempts to call Plaintiff, and searching for other means to contact him through his prior institution's litigation coordinator, it became apparent Plaintiff would not receive the video-conferencing link in time to attend the deposition. (Id. ¶¶ 4–5.) To avoid additional cancellation costs on the day of the deposition, counsel notified the court reporting agency July 27 that the deposition was cancelled. (Id. ¶ 5.)

On July 28, 2023, Plaintiff called defense counsel regarding the deposition and was informed it had been canceled because he was unreachable. (Id. ¶ 6.) Plaintiff indicated he would not stipulate to an extension of the discovery deadline to reschedule his deposition. (Id. ¶ 6.)

That same day, defense counsel moved to extend discovery and to compel Plaintiff's participation in his deposition. (Id. ¶ 7; see ECF No. 24.) The Court granted the request and advised Plaintiff he is required to cooperate in discovery. (ECF No. 25.)

On August 1, 2023, Defendants again served Plaintiff with notice of a deposition to occur on remotely on August 24, 2023. (Guerrero Decl. ¶ 8.) Now having Plaintiff's email address, defense counsel provided him with the video-conference link needed to attend the deposition. (Id. ¶ 9.)

On August 24, 2023, defense counsel and the court reporter were ready to take Plaintiff's deposition, but Plaintiff did not arrive. (Id. ¶ 10; see Def. Exhibit A.) While waiting, defense counsel attempted to call Plaintiff multiple times using the new number provided on July 28, but the calls went unanswered. (Guerrero Decl. ¶ 10.)

Two weeks later, on September 5, 2023, Plaintiff finally returned counsel's calls. (Id. ¶¶ 11–12.) Defense counsel asked if Plaintiff would be amenable to a stipulation extending discovery to take his deposition, and extending the dispositive motion deadline; Plaintiff indicated he would. (Id. ¶ 12.) Defense counsel followed up their calls with an email memorializing their discussion and asking which dates Plaintiff would prefer for the stipulation. (Id. ¶ 13.) After a week with no response, defense counsel called Plaintiff on September 12 to further discuss the stipulation, but the call went unanswered. (Id. ¶ 14.)[1]

Given Plaintiff's repeated Plaintiff's failure to attend the properly noticed depositions, the Court now considers the willfulness of Plaintiff's action and an analysis of the five Malone factors shows that dismissal is warranted.

---

[1] Just prior to filing the instant motion, Plaintiff reached out again to counsel from yet a third telephone number. Despite this development, Defendants no longer have confidence that Plaintiff can or will comply with any informal arrangements, absent court orders. (Id. ¶ 15.) Given Plaintiff's repeated failure to cooperate and participate in the taking of his deposition renders this telephone call meaningless.

**A. Public Interest in Expeditious Resolution and Court's Need to Manage Docket**

Here, Plaintiff's failure to attend deposition after the Court advised him to do so precludes an expeditious resolution of this matter and unnecessarily prolongs this case on the court's docket. The public has "an overriding interest" in orderly, expeditious, and inexpensive determination of every action. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006). Delay in reaching the merits is costly "in money, memory, manageability, and confidence in the process." Id. Though cases should generally be disposed of on their merits, a plaintiff is responsible for moving their case to that disposition. While the law states that a pro se litigate should be afforded some deference, appearing for a deposition when given a notice to do and to return phone calls is basic and a very common understanding of a community, and not necessary of deference.

Similarly, any prolonged resolution inhibits the Court's need to manage its docket. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962).

Plaintiff's failure to cooperate with discovery and to prosecute his case impedes this case's progress. Defendants have now served Plaintiff with two notices for deposition and he was unreachable and failed to attend either. (Guerrero Decl. ¶¶ 2, 8.) This Court advised Plaintiff he must participate in discovery, but he did not comply with that order. (See ECF No. 25.) While Plaintiff periodically calls for an update, he is consistently unreachable by defense counsel for follow-ups and clarifications. (Guerrero Decl. ¶¶ 6, 12.) In initially agreeing to a stipulation to extend case deadlines, and then being unreachable, Plaintiff further prolonged even this motion. Despite his most recent call from a new number, Defendants have no confidence Plaintiff will be any more reachable now than before. (See Guerrero Decl. ¶ 15.) This refusal to participate in discovery hinders the ultimate resolution of this case and, therefore, goes against the public interest in expeditious resolution and the court's need to manage its docket. Indeed, Plaintiff filed this action and he is required to litigate it in an efficient and timely manner. This case cannot simply remain idle on the Court's docket, unprosecuted by Plaintiff giving Defendants the

runaround. The law should not be relegated to recommendation status. Plaintiff has had ample opportunity to comply. To otherwise excuse this conduct, condones disrespect for the law and the rights of all plaintiff and defendants who seek to prosecute and defend these cases.

Furthermore, Plaintiff's pro se status does not excuse intentional noncompliance with discovery rules and court orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir.2000) (affirming the imposition of the sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); Gordon v. County of Alameda, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted"); Handwerker v. AT & T Corp., 211 F.R.D. 203, 208–09 (S.D.N.Y.2002) ("giving appropriate recognition as necessary to the difference of status, Rule 37 sanctions may be applied to pro se litigants no less than to those represented by counsel"); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989) (opining that "[i]f a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant," and affirming the dismissal of a pro se prisoner's complaint as a discovery sanction). "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987); see also Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir.1995) (per curiam ) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal," because "all litigants, including pro ses, have an obligation to comply with court orders." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir.1994) (affirming Rule 37(b)(2) dismissal of pro se plaintiff's case in view of his failure to appear for deposition "in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action"). Therefore, these factors weigh in favor of dismissal.

**B. Risk of Prejudice to Defendants**

Defendants argue that the third factor also weighs in favor of dismissal because prejudice

is presumed from unreasonable delay, and Plaintiff's willful misconduct caused unnecessary delay in this action. Also, Defendants suffered undue prejudice because he could not defend against Plaintiff's claims when Plaintiff deliberately refused to participate in his depositions. Next, Plaintiff's failure to appear for his deposition also placed an undue financial burden on Defendants. Not only did Defendants have to prepare for and pay for the cost of the deposition, Defendants' counsel had to spend time and resources to conduct legal research and prepare the Motion for Sanctions. Finally, Plaintiff has not provided a non-frivolous excuse for his delay as he has not filed an opposition to the instant motion. Accordingly, this factor weighs in favor of dismissal.

### C.  Availability of Less-Drastic Sanctions

As to the availability of lesser sanctions, the relevant questions are: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone, 833 F.2d at 132.  "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." Id. at 131-32 (quoting United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986)). A "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001); Malone, 833 F.2d at 132–33; Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990).

Here, the Court has repeatedly warned Plaintiff of the consequences for the failure to comply with his discovery obligations and compliance with court orders.  In the first informational order, Plaintiff was warned that he was required to comply with the Federal Rules of Civil Procedure and that the failure to comply will be grounds for imposition of sanctions, including dismissal.  (ECF No. 4.)  After Defendants answered the complaint, the Court issued the discovery and scheduling order, which again warned Plaintiff that his failure to act in good faith in discovery "may result in the payment of expenses pursuant to Federal Rule of Civil

Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules." (ECF No. 21.)  In addition, the Court specifically warned Plaintiff in the July 31, 2023 order that if he failed to participate in a properly noticed, he may be subject to sanctions, including, but not limited to, a recommendation that this action be dismissed. (ECF No. 25.)  These warnings suffice in demonstrating that lesser drastic sanctions are not feasible. See Malone, 833 F.2d at 132 (warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement).  Furthermore, monetary sanctions do not appear to be a sufficient deterrent as Plaintiff is proceeding in forma pauperis and to date has not paid any of the filing fee.  Thus, imposing monetary sanctions would be meaningless.  Moreover, giving Plaintiff yet another opportunity to comply with his discovery obligations appears futile as he has not addressed the fact that Defendants have not received any discovery documents.  The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d at 1424.  Accordingly, the Court finds that there are no other, lesser sanctions that would be satisfactory or effective.  Therefore, the Court finds this factor favors terminating sanctions.

### D. Public Policy Favoring Disposition of Cases on the Merits

This factor "lends little support" where the behavior of the party against whom dismissal is sought impeded disposition of the case on its merits. In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006); Sanchez v. Rodriguez, 298 F.R.D. 460, 472 (C.D. Cal 2014.) ("While the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who ... refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits."); Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (this factor does not preclude dismissal where the other factors weigh in favor of dismissal.).

### E. Willful Conduct

In addition, case-dispositive sanctions are warranted because Plaintiff's failure to comply

1   with his discovery obligations and Court orders is willful.  The Ninth Circuit has stated that
2   "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." Conn. Gen. Life Ins. Co.,
3   482 F.3d at 1096 (citing Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). This
4   prerequisite "does not require wrongful intent." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D.
5   Cal. 2014). Instead, " '[d]isobedient conduct not shown to be outside the control of the litigant is
6   sufficient to demonstrate willfulness, bad faith, or fault.' " Jorgensen, 320 F.3d at 912 (citation
7   omitted). "Delay, failure to appear for depositions, failure to answer interrogatories resulting from
8   a party being out of town, and misunderstanding a party's own counsel are not matters outside of
9   a party's control." Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik, 2010 WL 457626,
10  at *4 (C.D. Cal. Feb. 4, 2010) (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 949 (9th Cir.
11  1993)).

12      Plaintiff fails to demonstrate his conduct, including refusing to participate in his properly
13  noticed deposition, is outside his control.  Rather, Plaintiff's repeated failure to timely
14  communicate with defense counsel or otherwise comply with the Court's order demonstrates a
15  willful disregard for discovery rules and Court orders. See Sanchez, 298 F.R.D. at 470. Defense
16  counsel made multiple attempts to accommodate Plaintiff to appear and participate in the taking
17  of his deposition. The Court even granted an extension of the discovery deadline to accommodate
18  the taking of Plaintiff's deposition and ordered him to participate in the continued deposition.
19  Once again, however, Plaintiff failed to appear at the properly scheduled deposition on August
20  24, 2023, despite having been explicitly warned that failure to do so would result in sanctions,
21  including terminating sanctions.

22      Under these circumstances, Plaintiff's repeated failure to attend and participate in the
23  timely scheduled deposition in direct violation of an explicit Court order constitutes willful
24  misconduct sufficient to justify the imposition of case-dispositive sanctions. See Fair Hous. of
25  Marin, 285 F.3d at 905; Saravia v. Dynamex, Inc., No. C 14-05003-WHA, 2016 WL 5952700, at
26  *4 (N.D. Cal. Sept. 30, 2016) (dismissing plaintiffs from action with prejudice where plaintiffs
27  failed to offer any excuse for repeatedly failing to appear at their depositions); Attebery v. Uhl,
28  No. 2:10-CV-01341-MCE, 2012 WL 3150273, at *1 (E.D. Cal. Aug. 1, 2012) (dismissing action

with prejudice for failure to respond to discovery, appear at deposition, or pay previously ordered monetary sanctions).  Hence, Defendants' motion for terminating sanctions should be granted.

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss this action for failure to prosecute be granted; and

2. The Clerk of Court be directed to terminate this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 9, 2023**

UNITED STATES MAGISTRATE JUDGE